IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| AUTO-OWNERS INSURANCE COMPANY,<br><br>    Plaintiff,<br><br>v.<br><br>ADRIENNE DANIELLE SMITH, AVIS RENT A CAR SYSTEM, LLC, AVIS BUDGET GROUP, INC., PETER DUCA, YONAS G. GEBREMICHAEL, and CSYG, INC.<br><br>    Defendants. | Civil Action<br>File No.: _____ |

## COMPLAINT FOR DECLARATORY JUDGMENT

COMES NOW AUTO-OWNERS INSURANCE COMPANY ("Auto-Owners") and files this Complaint for Declaratory Judgment against Defendants, showing this Honorable Court as follows:

## PARTIES

1.

Auto-Owners is a corporation organized and existing under the laws of the state of Michigan and with its principal place of business in Michigan. Auto-Owners is qualified to transact business in the state of Georgia but is not a citizen or domiciliary of Georgia.

2.

Adrienne Danielle Smith ("Smith"), as a natural person who is a citizen of the United States, who is physically present in Georgia and who intends to make Georgia her home, is an individual citizen of the state of Georgia. Smith is an individual who is a domiciliary and resident of the state of Georgia. Smith is subject to the jurisdiction and venue of this Court.

3.

Avis Rent A Car System, LLC ("Avis") is a corporation organized and existing under the laws of the state of Delaware with its principal place of business and citizenship in New Jersey. Avis conducts business in Georgia and maintains offices and an agent in Gwinnett County. Avis is qualified to transact business in the state of Georgia, but is not a citizen or domiciliary of Georgia. Avis is subject to the jurisdiction and venue of this Court.

4.

Avis Budget Group, Inc. ("Avis Budget") is a corporation organized and existing under the laws of the state of Delaware with its principal place of business and citizenship in New Jersey. Avis Budget conducts business in Georgia and maintains offices and an agent in Gwinnett County. Avis Budget is qualified to transact business in the state of Georgia, but is not a citizen or domiciliary of

Georgia. Avis Budget is subject to the jurisdiction and venue of this Court.

5.

Peter Duca ("Duca"), as a natural person who is a citizen of the United States, who is physically present in Georgia and who intends to make Georgia his home, is an individual citizen of the state of Georgia. Duca is an individual who is a domiciliary and resident of the state of Georgia. Duca is subject to the jurisdiction and venue of this Court.

6.

Yonas G. Gebremichael ("Gebremichael"), as a natural person who is a citizen of the United States, who is physically present in Georgia and who intends to make Georgia his home, is an individual citizen of the state of Georgia. Gebremichael is an individual who is a domiciliary and resident of the state of Georgia. Gebremichael is subject to the jurisdiction and venue of this Court.

7.

CSYG, Inc. ("CSYG") is a corporation organized and existing under the laws of the state of North Carolina with its principal place of business and citizenship in Georgia. CSYG conducts business in Georgia and maintains offices and an agent in Fulton County. CSYG is qualified to transact business in the state of Georgia, but is not a citizen or domiciliary of Georgia. CSYG is subject to the jurisdiction

and venue of this Court.

## JURISDICTION AND VENUE

8.

This Court has original jurisdiction over this action under the provisions of 28 U.S.C. § 1332 because this action is between citizens of different states, and the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs.

9.

Venue is proper in this Court pursuant to 28 U.S.C. § 1391.

## NATURE OF ACTION

10.

This is an action for declaratory judgment brought pursuant to Rule 57 of the Federal Rules of Civil Procedure and 28 U.S.C. § 2201, to declare the rights and other legal relations surrounding the questions of actual controversy that presently exist between Auto-Owners and the named Defendants herein.

11.

A controversy of a judicial nature presently exists among the parties, which demands a declaration by this Court in order that Auto-Owners may have its rights and duties under the applicable contract of insurance determined and avoid the possible accrual of damages.

## THE UNDERLYING CLAIMS AND LAWSUIT

12.

On or about August 23, 2013, Byron Devon Perry ("Perry") was driving a 2013 Ford Edge ("Vehicle") near 824 Peeples Street, Atlanta, Georgia 30310.

13.

The Vehicle was owned by, operated by, rented to, or loaned to CSYG, Avis and/or Avis Budget.

14.

Avis and Avis Budget are related corporate entities, and Duca is an employee of Avis and/or Avis Budget.

15.

On or about August 23, 2013, around the same time Perry was driving the Vehicle near 824 Peeples Street, Atlanta, Georgia 30310, Smith was sitting on a wall near the same location.

16.

On August 23, 2013, while driving the Vehicle, owned by, operated by, rented to, or loaned to CSYG, Avis and/or Avis Budget, Perry struck Smith, allegedly causing bodily injury to Smith (the "Accident").

17.

Smith's alleged bodily injury arises out of the ownership, maintenance, use or entrustment to another of the Vehicle.

18.

After the Accident, Smith filed a lawsuit in the State Court of Gwinnett County, State of Georgia, Civil Action File No. 14-C-00798-4, naming a number of parties as defendants, including Avis, Avis Budget, Duca, CSYG and Gebremichael ("Underlying Lawsuit").

19.

In the Underlying Lawsuit, Smith contends that the underlying defendants are liable for injuries and damages she sustained, and that such injuries and damages arise out of the ownership, maintenance, use or entrustment to another of the Vehicle, which was owned by, operated by, rented to, or loaned to CSYG, Avis and/or Avis Budget.

20.

The Underlying Lawsuit was resolved through a trial, after which a verdict was entered in favor of Smith in the amount of $47,000,000.00, apportioned as follows: Avis and Avis Budget, jointly: 50% ($23,500,000.00); CSYG: 15% ($7,050,000.00); Gebremichael: 1% ($470,000.00); Duca: 1% ($470,000.00); and

Perry: 33% ($15,510,000.00) ("Verdict").   A true and accurate copy of the Verdict is attached hereto as **Exhibit A**.

21.

Through the Verdict, the jury found the defendants liable for injuries and damages she sustained, which injuries and damages arose out of the ownership, maintenance, use or entrustment to another of the Vehicle, which was owned by, operated by, rented to, or loaned to CSYG and/or Avis.

22.

On May 1, 2017, this Court entered a Judgment based on the Verdict.   A true and accurate copy of the Judgment is attached hereto as **Exhibit B**.

23.

Each named Defendant in this action has been joined in compliance with case law requiring the insurer seeking a declaratory judgment to bring into the action all individuals or entities who have a financial or other interest in the outcome of the coverage issues to be decided through the declaratory judgment.

**THE INSURANCE CONTRACT**

24.

Auto-Owners issued a commercial general liability insurance policy to CSYG, policy number 114618-35101206, with an effective policy period from

December 19, 2012 to December 19, 2013 ("Policy"). A true and accurate copy of the Policy is attached hereto as **Exhibit C**.

25.

Defendants seek coverage for the awards entered against them, as set forth in the Judgment, under the Policy issued by Auto-Owners.

26.

After receiving notice of the claims asserted against Defendants in the Underlying Lawsuit, Auto-Owners issued letters in which Auto-Owners provided notice of its reservation of rights to contest coverage under the Policy. True and accurate copies of the reservation of rights letters are attached hereto as **Exhibit D**.

27.

After receiving notice of the claims asserted against Defendants in the Underlying Lawsuit, Auto-Owners retained counsel to defend each Defendant named in the Underlying Lawsuit, subject to the complete reservation of rights.

28.

The Policy issued by Auto-Owners affords no coverage for the awards entered against the Defendants named in the Underlying Lawsuit, as set forth in the Judgment; and, therefore, Auto-Owners has no duty to defend or indemnify any Defendant in connection with the Judgment entered in the Underlying Lawsuit.

29.

The insuring agreement of the Policy issued by Auto-Owners provides, in pertinent part, the following:

> We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies.

See Exhibit C (Commercial General Liability Coverage Form, 55300 (7-05)).

30.

Under SECTION I- COVERAGES, 2. Exclusions, the Policy provides:

> This insurance does not apply to:
>
> g.  "Bodily injury" or "property damage" arising out of the ownership, maintenance, use or entrustment to others of any aircraft, "auto" or watercraft owned or operated by or rented or loaned to any insured. Use includes operation and "loading and unloading."
>
>     This exclusion applies even if the claims against any insured allege negligence or other wrongdoing in the supervision, hiring, employment, training or monitoring of others by that insured, if the "occurrence" which caused the "bodily injury" or "property damage" involved the ownership, maintenance, use or entrustment to others of any aircraft, "auto" or watercraft that is owned or operated by or rented or loaned to any insured.

See Exhibit C (Commercial General Liability Coverage Form, 55300 (7-05)).

31.

The Policy defines "auto" as:

> a land motor vehicle, trailer or semitrailer designed for travel on public roads, including any attached machinery or equipment....

<u>See</u> Exhibit C (Commercial General Liability Coverage Form, 55300 (7-05)).

32.

The Policy also contains Endorsement 55184, which amends the "Who Is An Insured" section of the Policy to include Avis as an insured.

## **COUNT ONE**

33.

Auto-Owners hereby realleges and incorporates paragraphs 1 through 32 of this Amended Complaint as if set forth fully herein.

34.

Under the terms of the Policy, Auto-Owners agreed to afford coverage for certain damages because of "bodily injury" and "property damage" to which the insurance applies.

35.

The Policy excludes "bodily injury" and "property damage" arising out of the ownership, maintenance, use or entrustment to others of any "auto" owned or

operated by or rented or loaned to any insured.

36.

Auto-Owners has no duty to defend any Defendant against the claims asserted in the Underlying Lawsuit or to indemnify any Defendant for the monies awarded in the Underlying Lawsuit, as reflected in the Judgment, because the damages sought and awarded constitute "bodily injury" or "property damage" arising out of the ownership, maintenance, use or entrustment to others of an "auto" owned or operated by or rented or loaned to any insured, namely CSYG, Avis and/or Avis Budget.

37.

Auto-Owners is entitled to a judgment declaring that no Defendant is afforded coverage under the Policy for the claims asserted or the monies awarded against them, because all of those damages constitute "bodily injury" or "property damage" arising out of the ownership, maintenance, use or entrustment to another of any "auto" owned or operated by or rented or loaned to any insured.   As a result, this Court should declare that Auto-Owners has no duty to defend or indemnify any Defendant against the claims asserted or the monies awarded in the Underlying Lawsuit, as reflected in the Judgment.

WHEREFORE, Auto-Owners prays that this Court enter judgment declaring that Auto-Owners has no duty to defend or indemnify any Defendant under the Policy for the claims asserted or the monies awarded against the Defendants, as reflected in the Judgment; that this Court bind each and every named party herein by said judgment; that Auto-Owners be awarded costs in this action; and for such further relief as this Court may deem just and appropriate.

This 14th day of December, 2018.

Respectfully submitted,

KENDALL LAW GROUP, LLC

/s/ Maureen E. Murphy
Michael C. Kendall
Georgia Bar No. 414030
Maureen E. Murphy
Georgia Bar No. 530990
*Counsel for Plaintiff*

3152 Golf Ridge Blvd., Suite 201
Douglasville, Georgia 30135
Telephone: (770) 577-3559
Facsimile: (770) 577-8113
mckendall@kendall-lawgroup.com
memurphy@kendall-lawgroup.com